MARGARET NELSON *vs.* EDWIN C. BRAMAN.

PROVIDENCE—NOVEMBER 26, 1900.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Negligence. Bicycles. Accident.*

One who rides a bicycle through a gate-way so close to the gate-post on his left as to graze his hand against it and to be unable to see a person walking along the sidewalk in time to stop, is guilty of negligence.

Rules governing the riding of bicycles in certain cases established.

(2) *Expert Witnesses. Exceptions.*

Errors in the admission of evidence which work no harm to the excepting party, the answer of the witness in reply to the question being favorable to him, are not ground for a new trial.

*Quære,* whether expert testimony as to the proper course for a bicycle rider to pursue in a hypothetical case is proper upon the question of defendant's negligence in the case at bar.

TRESPASS ON THE CASE for negligence. The defendant, riding a bicycle, was approaching a gate-way about eleven feet in width, with granite posts on either side of it. The plaintiff was approaching the gate-way along the sidewalk, walking at right angles to the course taken by the defendant. A fence separated the sidewalk from the lot through which the defendant was riding. The defendant was riding on his left, close to the gate-post on that side. The further facts are stated in the opinion. The jury assessed damages at $200. Heard on petition of defendant for a new trial, and new trial denied.

(1)    PER CURIAM. We think it is not too much to say that, as a general rule, when a person riding a bicycle passing out of a gate-way crosses the sidewalk of a public travelled highway, it is his duty to avoid a collision with persons passing along the sidewalk, and to stop and dismount for that purpose, if necessary. He may proceed if he sees that the passerby stops, but if in so doing he uses bad judgment in attempting to pass in front of or behind the person, he is responsible for any damage which may ensue. In this case the defendant was riding so close to the gate-post on his left as to graze his hand against it and to be unable to see the plaintiff, who was

walking along the sidewalk, in time to stop. The jury was, therefore, justified in finding him guilty of negligence.

(2) The only exception presented in the defendant's brief relates to the introduction of expert testimony concerning the proper course for a bicycle rider to pursue in a hypothetical case. While it may be doubtful whether such expert testimony is proper upon such a question, the answer of the witness was favorable to the defendant, and he was not prejudiced by the ruling of the court.

We do not think the damages assessed by the jury were excessive.

Case remanded to the Common Pleas Division for judgment upon the verdict.

*Cassius L. Kneeland*, for plaintiff.

*James A. Williams*, for defendant.